UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOE BARAK,

       Plaintiff,

v.                                                  Case No. 06-14424
                                                  Honorable Patrick J. Duggan

A. ROBERT ZEFF,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 4, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Plaintiff filed this lawsuit against Defendant on October 10, 2006, seeking profits derived from the sale of land in Torrejon, Spain. Defendant subsequently filed a motion to dismiss on *forum non conveniens* grounds. After considering whether there is an adequate alternative forum to resolve Plaintiff's claims and balancing the relevant private and public interest factors, the Court concluded that Spain is a more convenient forum to adjudicate Plaintiff's claims. Therefore, in an opinion and order issued on April 12, 2007, the Court granted Defendant's motion and dismissed Plaintiff's complaint.

On April 19, 2007, Plaintiff filed a motion for rehearing or reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g). In his motion, Plaintiff does

not challenge the Court's *forum non conveniens* analysis, but only asks the Court to impose the following additional conditions on the dismissal of the complaint:[1]

>   a. That the case remain open for the limited purpose of allowing Plaintiff to depose five[2] witnesses (including Defendant) who reside or conduct business within the subpoena jurisdiction of the Eastern District of Michigan.
>
>   b. That Defendant file responsive answers to the Discovery Requests already served upon him in this action or, at a minimum, furnish copies of the front and back of any checks he claims to have invested in the Spanish project.

(Pl.'s Mot. at 2; Pl.'s Br. in Supp. of Mot. at 9-10.) The Court issued a notice on April 23, 2007, informing the parties that Defendant may file a response to Plaintiff's motion, if he wants to respond. Defendant filed a response on May 7, 2007; Plaintiff filed a reply on the same date.

Rule 7.1(g) provides the following grounds for motions for rehearing or reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration

---

[1]The Court already imposed the following conditions on its dismissal: (1) Defendant's submission to the jurisdiction of the Spanish courts; (2) his waiver of any statute of limitations defense; and, (3) his stipulation that any final judgement issued against him and in favor of Plaintiff by the Spanish Court is enforceable in the United States. (4/12/07 Op. and Order at 10.)

[2]While Plaintiff identifies four individuals in his motion, in his brief in support of his motion, he lists five U.S. citizens and residents who he wishes to depose via the subpoena power of this Court.

> that merely present the same issues ruled upon by the court,
> either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the
> court and the parties have been misled but also show that
> correcting the defect will result in a different disposition of
> the case.

E.D. Mich. LR 7.1(g)(3). Plaintiff fails to identify a defect in the Court's April 12, 2007 decision, much less a defect that results in a different disposition of the case. In any event, the Court concludes that it would be improper to impose the conditions Plaintiff requests.

As is probably true in many lawsuits where a party seeks dismissal on *forum non conveniens* grounds, in their pleadings in support of or in opposition to dismissal, the parties in this case identified potential witnesses within the subpoena power of this Court and potential witnesses who are residents and/or citizens of the alternative forum. One of the factors this Court considered in deciding Defendant's motion to dismiss on *forum non conviens* grounds was the location of these witnesses. Although recognizing the convenience of deposing several potential witnesses in this forum, the Court found the convenience outweighed by other considerations that rendered adjudication in Spain more convenient. To impose the conditions Plaintiff now requests would turn the Court's determination partially on its head, allowing Plaintiff to partially litigate his case in this forum despite the Court's conclusion that Spain is a more convenient forum in which to do so.

Granting Plaintiff's motion also would establish poor precedent. As Defendant

points out, staying this lawsuit in order to allow Plaintiff to conduct certain discovery will encourage other plaintiffs to file their lawsuits in, what they know to be, inconvenient forums with the hope that the court will allow them to engage in discovery in the forum even though the case must be transferred elsewhere. Perhaps it therefore is not surprising that Plaintiff fails to cite any case where the court has imposed such a condition on the dismissal of a lawsuit on *forum non conveniens* grounds.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for rehearing or reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert N. Roether, Esq.
Norman C. Ankers, Esq.
Robert M. Jackson, Esq.